**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO VERA-ALAMILLAS, AKA Francisco Vera Alamillas, | No. 16-73665 |
| Petitioner, | Agency No. A205-321-847 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2022[**]
San Francisco, California

Before: W. FLETCHER, GOULD, and COLLINS, Circuit Judges.

Francisco Vera-Alamillas ("Petitioner"), a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his

appeal of the immigration judge's ("IJ") denial of his application for withholding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the denial of "withholding of removal[] and CAT relief for substantial evidence." *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018) (internal quotation marks omitted). We deny the petition for review.

Petitioner argues that a remand to the agency is appropriate given our decision in *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017). In that case, we held that an applicant for withholding of removal must show that a statutorily protected ground is "a reason" for his claimed persecution, rather than the more stringent standard of "one central reason" applicable to asylum. *Id.* at 360. *Barajas-Romero* thus applies to cases where the agency applied the more stringent "one central reason" standard to the application for withholding of removal without indicating in any way whether it would reach the same conclusion under the more lenient "a reason" standard.

*Barajas-Romero* is inapposite here. The agency concluded that Petitioner failed to show *any* nexus between a statutorily protected ground and the harm that he suffered. Petitioner testified that he fears returning to Mexico because his family in the United States needs his financial support, and because of the presence of crime and drugs in Mexico. The IJ found that there was not "a sufficient nexus

2

between any of the[] five protected grounds and the harm [Petitioner] fears in Mexico." The BIA noted "the absence of a nexus to a statutorily protected ground." Because Petitioner failed to show any nexus between a statutorily protected ground and his claimed persecution, *Barajas-Romero* is inapplicable to him. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (holding that no remand is required, despite asserted *Barajas-Romero* error, where agency found that there was "no nexus" at all).

Petitioner makes no argument beyond *Barajas-Romero* in his opening brief. His other arguments challenging the denial of withholding and CAT relief are therefore waived. *See Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013).

**PETITION DENIED.**